IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERE D. WARD

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE,
and TOM VILSAK, SECRETARY
DEPT. OF AGRICULTURE,

    Defendants.
_____/

No. 2:10-cv-0376 GEB KJN PS

ORDER

    Plaintiff, who is proceeding without counsel, filed her complaint on February 12, 2010.[1] (Dkt. No. 1.)  Plaintiff contemporaneously filed an in forma pauperis application. (Dkt. No. 2.)  The court now reviews the in forma pauperis application and pro se complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.    Application to Proceed In Forma Pauperis

    Plaintiff Chere D. Ward has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff's application and declaration make the showing required

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned will grant plaintiff's request to proceed in forma pauperis.

II.     Screening of the Complaint

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court may also screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1 (9th Cir. 2009).

The facts as alleged in the complaint are summarized as follows. Plaintiff avers

generally that she experienced employment discrimination based on her hearing disability. Plaintiff is employed by defendant Department of Agriculture ("DOA") as a "Forestry Technician, purchasing agent at McClellen, California." (Dkt. No. 1 at 2.) The DOA is a federal agency, employer or labor organization with headquarters in Washington, D.C. and with an office located in this district. (Id.) Plaintiff has been employed by the DOA since 1984 and has been in her current position since 2003. Plaintiff is an excepted service employee hired under the "handicap program as a result of her hearing impairment which requires that she utilize a hearing aid." (Id.) Plaintiff became aware of a DOA Forestry Technician position open in Blairsden, California. Plaintiff applied for this position, but was informed in June 2008 that she would not be supported in this application because of "undocumented safety issues, the nature of the Beckwourth Sales Prep position, and the dangerous nature of working conditions and the requirements of the target grade of working alone." (Dkt. No. 1 at 3.) Plaintiff believes that someone else was selected for the position. (Id. at 4.) Plaintiff alleges that defendants failed to promote her to a position which she applied for and for which she was qualified to perform, but that defendants discriminated against her because of her disability. (Id. at 4.) Plaintiff seeks general and compensatory damages, prejudgment interest, costs, attorneys' fees and such other relief as the court deems proper. (Id. at 5.)

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The court cannot make this determination on the present record. Therefore, the court reserves decision on these issues. Accordingly, the undersigned will order service of the complaint on the two defendants in this action, Department of Agriculture and Tom Vilsak, the Secretary of the Department of Agriculture.

////

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. (Dkt. No. 2.)

2. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

3. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes and the court's voluntary dispute resolution program.

4. Plaintiff is advised that the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant;

   c. A copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

   d. A copy of this court's scheduling order and related documents for each defendant.

5. Plaintiff shall supply the United States Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

////

1        7. The Clerk of Court shall serve a copy of this order on the United States
2  Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

**IT IS SO ORDERED.**

DATED: May 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE