IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERE D. WARD, an individual,

   Plaintiff,      No. 2:10-cv-00376 GEB KJN PS

  v.

DEPARTMENT OF AGRICULTURE,
and TOM VILSAK, SECRETARY
DEPT. OF AGRICULTURE,

   Defendants.    <u>ORDER</u>
_____/

   On February 12, 2010, plaintiff, who is proceeding without counsel and in forma pauperis, filed her complaint. (Dkt. No. 1.) Defendants filed an answer to plaintiff's complaint on October 8, 2010. (Dkt. No. 8.) On November 18, 2010, defendants filed a motion to dismiss defendant Department of Agriculture pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11.) Because defendants have already filed an answer to plaintiff's complaint, defendants' motion to dismiss must be treated as a motion for judgment on the pleadings filed pursuant to Federal Rules of Civil Procedure 12(c) or 12(h)(2), not a motion to dismiss filed pursuant to Rule 12(b)(6). See <u>Elvig v. Calvin Presbyterian Church</u>, 375 F.3d 951, 954 (9th Cir. 2004) (stating that "[a] Rule 12(b)(6) motion must be made *before* the responsive pleading," and construing the Rule 12(b) motion as a motion for judgment on the pleadings); accord <u>Dent v. Cox Commc'ns</u>

Las Vegas, Inc., 502 F.3d 1141, 1143 n.3 (9th Cir. 2007); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).

Defendants noticed their motion for a hearing to take place before the undersigned on December 16, 2010.[1]  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to defendants' motion at least fourteen days prior to the hearing date.  Thus, plaintiff was required to file and serve her opposition to defendant's motion, or a statement of non-opposition, on or before December 2, 2010.  See E. Dist. Local Rule 230(c).[2]  The court's docket reveals that plaintiff failed to file a written opposition or statement of non-opposition with respect to defendants' motion.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute her case, fails to comply with the court's orders, or fails to comply with the court's local rules. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss plaintiff's complaint, which is presently set for December 16, 2010, is continued until January 20, 2011.

2. Plaintiff shall file a written opposition to the motion for judgment on the pleadings, or a statement of non-opposition thereto, on or before January 6, 2011. *Plaintiff's failure to file a written opposition may be deemed a statement of non-opposition to the pending motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

////

3.  Defendants may file a written reply to plaintiff's opposition, if any, on or before January 13, 2011.

IT IS SO ORDERED.

DATED: December 6, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE