IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERE D. WARD, an individual,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE, and TOM VILSAK, SECRETARY DEPT. OF AGRICULTURE,

    Defendants.

No. 2:10-cv-00376 GEB KJN PS

<u>ORDER and FINDINGS AND RECOMMENDATIONS</u>

Presently before the court is defendants' motion for partial dismissal, which seeks the dismissal of defendant Department of Agriculture on the grounds that the agency is not a proper defendant. (Dkt. No. 11.) The court previously construed defendants' motion as a motion for judgment on the pleadings because defendants previously filed an answer to the complaint. (<u>See</u> Dkt. Nos. 8, 14.) Plaintiff failed to file a written opposition or statement of non-opposition to this motion and, after being given another opportunity to do so, again filed to file a written opposition or statement of non-opposition. Because oral argument would not materially aid in the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. <u>See</u> Fed. R. Civ. P. 78(b); E. Dist. Local Rul 230(g). Having reviewed the briefs and record in this case, the undersigned recommends that defendants' motion for partial dismissal be

granted and that defendant Department of Agriculture be dismissed from this action with prejudice.

I.  FACTUAL BACKGROUND

The operative complaint in this case is plaintiff's "Civil Complaint Disability Discrimination," which names as defendants the Department of Agriculture and Tom Vilsak, the Secretary of the Department of Agriculture. (Compl. ¶¶ 3-4, Dkt. No. 1.) Plaintiff alleges that she is employed as a "Forestry Technician, purchasing agent" by the Department of Agriculture. (Id. ¶ 6.) She alleges that she has a hearing impairment that requires her to use a hearing aid, and that she is an "excepted service employee hired under the handicap program." (Id. ¶ 6.) In short, plaintiff alleges that although she was qualified for, and applied for, the vacant position of "Forestry Technician, GS-7" at the Beckwourth Ranger District located in Blairdsen, California, she was not promoted to that position. (Id. ¶¶ 1, 7-9, 13, 19.) She alleges that she was not promoted because of her hearing impairment and, as a result, was subjected to disability discrimination. (Id. ¶¶ 1, 18-20.)

Plaintiff brings her disability discrimination claim pursuant to Title VII of the Civil Rights Act of 1964. (Compl. ¶ 5.) Plaintiff alleges that she exhausted her administrative remedies prior to bringing this lawsuit, and her complaint appends an adverse decision of an Equal Employment Opportunity Commission Administrative Judge, dated October 20, 2009. (Id. ¶¶ 14-15 & Ex. A.) On October 8, 2010, defendants filed an answer to plaintiff's complaint. (Dkt. No. 8.)

On November 18, 2010, defendants filed this motion for partial dismissal of plaintiff's complaint, arguing that the Department of Agriculture is not a proper defendant insofar as plaintiff's Title VII claim is concerned. (Defs.' Mot. for Partial Dismissal at 3-4.) Plaintiff failed to file a timely opposition to defendants' motion. See E. Dist. Local Rule 230(c). As a result, the undersigned continued the hearing on defendants' motion and ordered plaintiff to file a written opposition or statement of non-opposition to defendants' motion on or before

January 6, 2011.  (Order, Dec. 6, 2010, Dkt. No. 14.)  The court's docket reveals that plaintiff again failed to file a written opposition or statement of non-opposition to defendants' motion, despite clear warnings from the court that plaintiff's inaction would result in a recommendation that her case be dismissed.  Despite plaintiff's repeated failures to comply with the court's orders and the court's Local Rules, the undersigned will resolve defendants' motion on the merits.[1]

## II.   LEGAL STANDARDS

As noted above, defendants' motion for partial dismissal is construed as a motion for judgment on the pleadings.  "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citation and quotation marks omitted).  Where a motion for judgment on the pleadings is used to raise the defense of failure to state a claim, the motion "faces the same test as a motion under

---

[1] Plaintiff is reminded that her failure to prosecute her case or comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules is grounds for the imposition of sanctions, including involuntary dismissal of her case pursuant to Federal Rule of Civil Procedure 41(b).  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal); see also E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.").  In the future, if plaintiff does not wish to oppose a noticed motion, she is required to file a statement of non-opposition.  E. Dist. Local Rule 230(c) ("A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.").

Rule 12(b)(6)." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). "When considering a motion for judgment on the pleadings, [the] court may consider facts that are contained in materials of which the court may take judicial notice." Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 980 n.18 (9th Cir. 1999) (citation and quotation marks omitted).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Balistreri v. Pacifica

Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"). In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

III.   DISCUSSION

Defendants seek judgment as a matter of law with respect to plaintiff's discrimination claim insofar as it is alleged against the Department of Agriculture on the grounds the Secretary of the Department of Agriculture, and not the agency, is the only proper defendant in a federal employee's Title VII discrimination claim. Defendant's argument is well-taken.

Coverage of Title VII of the Civil Rights Act of 1964 is extended to reach federal employees through 42 U.S.C. § 2000e-16, which provides that "all personnel actions affecting federal employees and applicants for federal employment shall be made free from any discrimination based on race, color, religion, sex, or national origin." Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-30 (1976) (citation and quotation marks omitted). "Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'" Vinieratos v. United States, Dep't of Air Force, 939 F.2d 762, 772 (9th Cir. 1991) (quoting 42 U.S.C. § 2000e-16(c); accord White v. Gen. Servs. Admin., 652 F.2d 913, 916 n.4 (9th Cir. 1981).

Here, the Secretary of the Department of Agriculture is the proper defendant with respect to plaintiff's Title VII discrimination claim, and plaintiff has named the Secretary as a defendant. However, plaintiff also named the Department of Agriculture as a defendant. The Department of Agriculture is not a proper defendant. Accordingly, the undersigned recommends that defendants' motion be granted and that defendant Department of Agriculture be dismissed from this action with prejudice.

## IV. CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that the hearing on defendants' motion for partial dismissal of plaintiff's complaint, which is presently set for January 20, 2011, is vacated, and this matter is submitted on the briefs. See Fed. R. Civ. P. 78(b); E. Dist. Local Rul 230(g).

It is FURTHER RECOMMENDED that:

1. Defendants' motion for partial dismissal of plaintiff's complaint (Dkt. No. 11), which is construed as a motion for judgment on the pleadings, be granted.

2. Defendant Department of Agriculture be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATE: January 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE