IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERE D. WARD, an individual,

    Plaintiff,

v.

TOM VILSAK,[1] SECRETARY DEPT. OF AGRICULTURE,

    Defendant.

No.  CIV-S-10-0376-KJM-KJN-PS

ORDER

/

On December 2, 2011, the magistrate judge filed findings and recommendations ("F&Rs"; ECF No. 30), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. On December 16, 2011, defendant Tom Vilsack filed objections to the findings and recommendations (ECF No. 32), which have been considered by the court.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file,

---

[1] The spelling of defendant's name in the caption of this case reflects the spelling adopted by plaintiff in her complaint.

1

the court finds the findings and recommendations to be supported by the record and by the proper analysis.  However, for the sake of clarity, the court addresses some of defendant's objections to the Findings and Recommendations ("F&Rs").

First, defendant argues that while the magistrate judge appropriately described the "two-step inquiry" to determine whether plaintiff was qualified for the position in question, the magistrate judge erred in finding that "defendant focused solely on the second step (i.e., whether plaintiff could perform the essential functions of the position)."  (Objection at 2.)  The F&Rs provided, in pertinent part: "The court must first examine whether the individual satisfies the 'requisite skill, experience, education and other job-related requirements' of the position.  The court then considers whether the individual 'can perform the essential functions of such position' with or without a reasonable accommodation."  (F&Rs at 15 (citations omitted).)  Here, the magistrate judge determined that defendant's argument focused "solely on the second step" of the analysis, namely, "plaintiff's inability to perform the 'essential functions' of the position." (Id. at 17.)  In arguing that defendant actually raised arguments under both the first and second steps of the requisite two-step inquiry, defendant cites the recently-decided case of Johnson v. Bd. of Trustees of Boundary Cnty. Sch. Dist. No. 101, 2011 WL 6091313, at *2 (9th Cir. Dec. 8, 2011), as well as Bates v. United Parcel Serv., Inc., 511 F.3d 974, 990 (9th Cir. 2007). Defendant's objection is not well-taken.

Defendant's moving papers argued that plaintiff lacked experience for the job in question, but a review of those papers confirms defendant never framed its argument as under the "first" step of the applicable two-step inquiry.  Further, neither Johnson nor Bates supports defendant's current position that defendant's focus on plaintiff's general lack of experience fits within the "first" step of the inquiry.  For instance, in Johnson, the plaintiff was denied a renewal of her teaching position because she failed to obtain a specific "teaching certificate" that she had been contractually required to obtain.  Johnson, 2011 WL 6091313, at *1-2.  The lack of a "teaching certificate" was analyzed as part of the "first" step of the two-step inquiry.  Id.

2

1   Similarly, in Bates, the "first" step of the two-step inquiry involved analysis of whether the
2   plaintiff met the job's "threshold seniority requirements," completed "an application," was at
3   least 21 years old, possessed "a valid driver's license," and had a "clean driving record by UPS's
4   local standards." Bates, 511 F.3d at 982-83, 990 (framing these requirements as "prerequisites to
5   employment" and the first step of the two-step inquiry).  Thereafter, the court in Bates proceeded
6   to the "second" step and analyzed whether the plaintiff could perform the job's "essential
7   functions" of being able to "communicate safely" and being able to "drive safely." Id. at 991.
8   Neither Johnson nor Bates addressed a sweeping "lack of experience" similar to the one
9   defendant urged in this case, let alone in the context of the "first step" of the inquiry.

10             Here, in arguing for summary judgment, defendant never identified anything as
11  concrete as a missing "teaching certificate" or "driver's license" — or even a finite time period
12  of required "experience" —  as being a specific prerequisite to the job in question. See Johnson,
13  2011 WL 6091313, at *2; Bates, 511 F.3d at 990.  Instead, defendant allegedly rejected
14  plaintiff's application because defendant's decision-maker ultimately determined that "five
15  months and two weeks over a 13-year period" was insufficient experience.  (Objections at 2-3.)
16  Defendant's rather amorphous determination that a certain level of experience was, on balance,
17  insufficient, is unlike the "step one" determinations made in Johnson and Bates where mere
18  eligibility for the jobs in question expressly required specific certifications or licenses. See
19  Johnson, 2011 WL 6091313, at *2; Bates, 511 F.3d at 990.  Accordingly, the court is
20  unpersuaded by defendant's objection that the findings and recommendations improperly framed
21  defendant's experience-based arguments as within the "second" rather than "first" step of the
22  requisite analysis.

23             Second, defendant objects to the magistrate judge's finding that "a genuine issue
24  of material fact exists regarding whether plaintiff can perform the essential functions" of the job
25  in question. (Objections at 4-5.)  Defendant states that the magistrate judge improperly
26  "disregarded the evidence of District Ranger Angela Parker," who declared that the job in

question "entailed working around logging equipment, working alone, and working on steep, rocky ground." (Id. (quoting Declaration of Angela Parker, ECF No. 22-4, ¶ 11).)  This objection also is not well-taken.

It cannot be said that the magistrate judge "disregarded" evidence from Angela Parker.  Instead, the magistrate judge specifically considered the list of job duties Parker described, but ultimately determined it was unclear whether the list constituted central or "core" job tasks rather than more marginal job duties.  (F&Rs at 19-21.)  The findings and recommendations explain that defendant offered no evidence as to the amount of time spent on the job performing any of these duties, and no evidence as to the time to be spent on these job duties relative to other job duties.  (Id. at 20 (explaining that defendant did not clarify whether the listed tasks "would be performed infrequently" relative to other tasks).)  Defendant has not shown that the magistrate judge erred with respect to his determinations regarding the existence of questions of fact regarding the job's "essential functions."

Finally, defendant objects to the magistrate judge's finding "that defendant's raising 'safety issues' as its legitimate, nondiscriminatory reason for its decision . . . is pretextual."  (Objection at 6 (citing F&Rs at 35).)  Defendant also objected on grounds that "it is incongruous that an employer who is considering hiring an individual under Schedule A hiring authority based on that individual's disability would not take the disability into consideration . . . ."  (Objection at 7.)  As with defendant's other objections, this objection is not well-taken.

Defendant's objection lumps the "legitimate nondiscriminatory reason" prong of the analysis together with the "pretext" prong, then takes issue with the magistrate judge's finding as to "pretext."  (Objection at 6-7 (citing cases analyzing whether defendants met their burden of stating legitimate nondiscriminatory reasons for an employment decision).)  The magistrate judge properly found that defendant's proffered reason of plaintiff's "safety issues" was indeed a legitimate, nondiscriminatory reason for not hiring plaintiff, and proceeded to analyze whether plaintiff could demonstrate that such reason was pretextual for summary

judgment purposes. (F&Rs at 33-34.) The magistrate judge found that the evidence demonstrated a genuine dispute of fact as to whether defendants's focus on "safety issues" was pretextual. (Id.) Contrary to defendant's framing, the magistrate judge did not find that defendant's focus on safety issues "is" necessarily pretextual as a matter of law. (Objections at 6.) Instead, the magistrate judge considered specific evidence, and properly found that questions of material fact existed as to whether defendant's use of the term "safety issues" was a pretext for "hearing ability" in this case. (F&Rs at 35-36.) Further, the magistrate judge did not determine that defendant committed any wrongdoing merely by taking plaintiff's disability "into consideration" as part of considering whether to hire under Schedule A authority. (Objections at 7.) The findings and recommendations do not suggest that defendant was wrong simply to take plaintiff's hearing ability "into consideration," and they do not suggest that "mere consideration constitutes pretext." (Id.) Instead, as the findings and recommendations explain, questions of fact exist regarding whether, after considering plaintiff's hearing ability, defendant potentially "summarily rejected plaintiff's application even though [plaintiff] may have been capable of performing the essential functions of the position with a reasonable accommodation." (F&Rs at 35 (emphasis added).) The findings and recommendations identify particular evidence suggesting the possibility of such a summary rejection of plaintiff's application. (Id. at 35-36.) Defendant has not shown that the magistrate judge erred with respect to his determinations regarding pretext.

        Accordingly, IT IS ORDERED that:

        1. The Findings and Recommendations filed December 2, 2011, are ADOPTED; and

/////

/////

/////

/////

5

2. The motion for summary judgment (ECF No. 22) filed by defendant Tom Vilsack, Secretary of Department of Agriculture, is denied.

DATED: March 22, 2012.

_____
UNITED STATES DISTRICT JUDGE

/ward0376.jo